JONES, Judge.
Defendant Langevin appeals from a judgment which enjoins him from using his 1.1 acre lot until the subdivision regulations contained in Caddo Parish Ordinance No. 1268 of 1970 and the zoning regulations contained in Caddo Parish Ordinance No. 798 of 1957 have been complied with. Defendant Langevin’s lot was subdivided from a larger tract owned by defendant Turk.
We affirm.
The Caddo Parish subdivision regulations prohibit any lot under five acres from being subdivided or sold without first recording a plat prepared in accordance with the regulations and approved by the Planning Commission. These regulations require each lot so subdivided to front upon a public road. The lot acquired by Langevin was by metes and bounds description and there was no prior recorded plat reflecting its relationship to the parent tract nor showing frontage on a public road. It in fact had no public road frontage.
The plaintiff owned approximately 12 acres which bordered Langevin’s lot on the north and west side. The plaintiff’s home was constructed immediately north of the Langevin lot and plaintiff’s front yard was adjacent to Langevin’s north line. The plat contained in the opinion rendered in Robert Lemoine Langevin et ux vs. James Kenneth Howard, No. 13,622, a ease consolidated with this one for trial, reflects the property owned by the plaintiff and defendants Lan-gevin and Turk.
Langevin’s only access to his lot, on which he had placed an immobilized mobile home, from the public road shown on the south end of the plat is along the 50 foot strip which is owned by the plaintiff and on which plaintiff has constructed a 10 foot private drive.
The Caddo Parish zoning regulations prohibit erection of any fence in a front yard of a height in excess, of three feet. The defendant constructed across the north line of his lot a 100 foot long, 6 foot high solid cedar board fence. This fence on the west end divided Langevin’s front yard from the front yard of the plaintiff.
On appeal Langevin assigns no error to the trial judge’s findings that there was a violation of the subdivision ordinance and the zoning regulation ordinance. His sole assignment of error is the capacity of the plaintiff to institute this cause of action. Plaintiff’s right to bring this action is based upon La.R.S. 33:140.33:
“The city council and the police jury may provide for the enforcement of any ordinance enacted under this Sub-part. A violation of any such ordinance is hereby declared a misdemeanor. In case any building or structure is or is proposed to be erected, constructed, reconstructed, altered, converted, or maintained, or any building structure, or land is or proposed to be used in violation of any ordinance enacted under this Sub-part, the building inspector, permit and zoning clerk, municipal or parish counsel, or other appropriate authority of the municipality or of the parish, or any adjacent or neighboring property owner who would be specifically damaged by such violation, may, in addition to other remedies, institute injunction, mandamus, or other appropriate action or proceeding to prevent such unlawful erection, construction, reconstruction, alteration, conversion, maintenance, or use, or to correct or abate such viola *930 tion, or to prevent the occupancy of such building, structure, or land.”
Langevin contends the plaintiff failed to establish he had been specifically damaged by virtue of Langevin’s violations of the ordinances and for this reason plaintiff failed to qualify as a person entitled to seek injunction against Langevin’s violations.
The absence of a public road fronting on the defendant’s lot will necessarily result in all parties seeking ingress and egress to defendant’s lot attempting to use the plaintiff’s private drive which at present provides the only access to Langevin’s lot. The harassment and inconvenience which plaintiff will endure by virtue of the interference with his property rights by persons seeking access to Langevin’s lot when no access is available by public road amply establishes that the plaintiff “would be specifically damaged” by virtue of the violations of the subdivision regulations.
The construction of the six foot high fence along the south line of plaintiff’s front yard obstructs his view and detracts from the aesthetic value of his front yard and home and in this respect specifically damages the plaintiff.
The trial judge’s failure to award the plaintiff monetary damages does not detract from the fact that violations of the ordinances have specifically damaged plaintiff.
For reasons assigned, we affirm the trial court’s judgment. All costs on appeal are assessed against defendant Langevin. The manner in which the costs were assessed in the trial court’s judgment shall remain unchanged.